| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

David and Erin L. Colvin, §
§
Plaintiff, §
§
versus § Civil Action H-22-620
§
Allstate Vehicle and Property §
Insurance Company, §
§
Defendant. §

# Opinion on Partial Dismissal

1. *Background.*

   David and Erin L. Colvin own a home in Montgomery County, Texas. They say the home was damaged by a severe storm on February 24, 2021. The home had been insured for wind and hail damage through Allstate Vehicle and Property Insurance Company (Allstate).

   On February 26, 2021, they sent Allstate a claim for damage under the policy. Allstate inspected the home on March 8, 2021. Allstate denied the claim because the inspector found no wind or hail damage.

   The Colvins sued Allstate for breach of contract and extra-contractual claims.

2. *Breach of Contract.*

   To state a claim for breach of contract, the Colvins must have adequately pleaded facts that describe the elements of unperformed contract terms: (a) their insurance policy was valid; (b) they performed under it; (c) Allstate breached the policy; and (d) The Colvins were damaged as a result. The Colvins say they performed under the policy. They say Allstate breached the policy because it conducted a "substandard and improper" inspection for the claim and found no damage.

The Colvins filed a claim. Allstate inspected and denied the claim. The Colvins do not identify the provision of the policy that was breached nor how Allstate breached the policy with its inspection. This is inadequate to state a claim.

They must file an amended complaint that identifies the provision of the policy that was breached and how Allstate breached it.

3. *Extra-Contractual Claims.*

The Colvins' extra-cotnractual claims are mere recitation of the law. The Colvins do not give facts to support their claims. For example, they do not describe how Allstate was malicious aside from disagreeing over the money that they should be paid.

Claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b).[1] They say the inspection was substandard. They do not say how. The boilerplate language does not withstand the heightened scrutiny under Rule 9(b). The Colvins' extra-contractual claims will be dismissed.

4. *Conclusion.*

The extra-contractual claims that David and Erin L. Colvin have against Allstate Vehicle and Property Insurance Company will be dismissed with prejudice. David and Erin L. Colvin may amend their breach of contract claim against Allstate Vehicle and Property Insurance Company.

Signed on August 5, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *Aviles v. Allstate Fire & Cas., Ins. Co.*, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019)